# EXHIBIT A

EFiled: Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |
                       |

       Plaintiffs, |
                       |

v.                      |     C.A. No. N18C-04-
                       |

THE NEW CASTLE COUNTY |     TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |
                       |

       Defendants. |

## COMPLAINT

### Introduction

1.    This civil action for money damages is brought by the Estate of Amy

Joyner Francis and her mother Inita Joyner seeking some measure of justice for the

brutal, senseless, forseeable and preventable attack on Amy Joyner Francis by

Trinity Carr and Zion Snow in the bathroom at Howard High School of

Technology on the morning of April 21, 2016 which resulted in Amy's death at the

tender age of 16 years.

### The Parties

2.      Anthony Joyner is the brother of Amy Joyner Francis and has been appointed as the administrator of her estate.  He is a Delaware resident and can be contacted through counsel.

3.      Inita Joyner is Amy's mother.  She is a Delaware resident and can be contacted through counsel.

4.      The New Castle County Vocational Technical School District (hereinafter, "the School District") is a political subdivision of the State of Delaware doing business at 1417 Newport Road, Wilmington, DE  19804.

5.      Trinity Carr is an adult individual residing at 27 Berkely Way, New Castle, DE  19720.

6.      Zion Snow is an adult individual residing at 2028 Melson Road, Wilmington, DE 19808.

### The Facts

7.      During the 2015/2016 school year, Amy Joyner Francis, Trinity Carr and Zion Snow were all sophomores attending Howard High School of Technology in Wilmington, DE.  Howard High School was and is a vocational technical school operated and managed by agents and employees of the New Castle County Vocational Technical School District.

2

8.     Amy was enrolled in the dental hygiene program, doing very well academically and aspired to obtain a college degree and eventually pursue a career in a professional field.

9.     The events that ultimately led to Amy's death on April 21 began to unfold less than 24 hours earlier on April 20, 2016.

10.     On April 20, 2016, allegedly motivated by a perceived slight by Amy on social media, Trinity Carr and Zion Snow hatched a plot to seek retribution against Amy through the use of verbal and physical threats and intimidation and, ultimately, brutal physical force and violence.

11.     On April 20, 2016 Trinity Carr and Zion Snow confronted and threatened Amy in a girls' bathroom at Howard High School.

12.     Although Howard High School had security surveillance cameras in the hallways to provide a measure of safety and security for students and others, there were no cameras in the student bathrooms as state law prohibits such.

13.     Although the administration of Howard High School would post teachers, aides or administrative personnel in the hallways between class periods to monitor the students and provide a measure of safety and security for students and others, no monitors were placed in the student bathrooms.

14.     Because there were no security cameras nor adult monitors in the student bathrooms, the students at Howard High School were completely unsupervised any time they entered a student bathroom.

15.     Of course, the students at Howard High School knew they were not subject to supervision or scrutiny while in the bathrooms, so any student who was inclined to engage in various prohibited behaviors (including criminal behavior) at school, trying not to get caught, knew the safest place to do so was in a student bathroom.   And, in fact, Howard High School had a history of criminal behavior by students in its bathrooms.

16.     Trinity Carr and Zion Snow were two such students who decided to use this "safe haven," created by the decisions of the State of Delaware and the School District, to threaten and intimidate Amy on April 20, 2016.

17.     Precisely what was said by Carr and Snow is not known by Amy's mother nor brother, but the encounter was of such a character that an employee of the school, Mr. Booth, heard the encounter from the hallway outside the bathroom, saw Carr and Snow exit the bathroom and, shortly thereafter, saw Amy exit as well.   Mr. Booth believed Amy was upset.

18.     Mr. Booth reported the incident to his supervisor at the school believing that some sort of trouble was brewing involving the three girls.

19.    Thereafter, the threats by Carr and Snow against Amy continued on social media.  Snow posted a video statement, "We gonna get her ... she's scared."  She also posted pictures of her sneakers which is teen parlance for preparing for a fight.

20.    The next morning, April 21, 2016, Amy's mother dropped her off at school.  That would be the last time her mother would see Amy alive.

21.    Amy's attackers, Carr and Snow, arrived at school that morning with their hair tied up and wearing sneakers but no jewelry – a look that signaled to anyone familiar with adolescent culture that they were ready for a fight.  In contrast, Amy had her hair down and was wearing sandals.  Amy had always been a peacemaker, not a fighter.

22.    Amy proceeded to her first period class after the first bell but neither her teacher Ms. Gosney nor a substitute teacher was present.  Because the class was unsupervised, Amy returned to the hallway along with other classmates.  Carr and Snow stalked Amy in the hallway, a scene which was witnessed by female school employee, Ursula McCoy.  However, McCoy failed to see what should have been apparent – Carr and Snow groomed and dressed to fight.

23.    Amy then entered the girls' bathroom at 8:06:54 a.m. after the second bill had rung.  She was followed into the bathroom by Carr, Snow and other students, but not McCoy.

24.     While in the bathroom, completely unsupervised by the Howard High School administration, Trinity Carr brutally attacked Amy Joyner Francis using her closed fist to repeatedly strike Amy in her head and body as other girls recorded the attack on their phones.

25.     Zion Snow joined in the attack by kicking Amy after she had been beaten to the floor by Carr.  Amy struggled to attempt to shield herself from the blows but never fought back.

26.     Before and during the attack, a Wilmington police officer assigned to Howard High School for security purposes was present in the school building but did nothing to protect Amy from her attackers.

27.     After the attack, Carr and Snow left the bathroom and headed down the hallway laughing and smiling, proud of what they had done, and thinking they had gotten away with the attack.

28.     Meanwhile, Amy, her body battered and stressed, remained on the floor of the bathroom conscious and in pain struggling to breathe.  Shortly thereafter, she died of sudden cardiac arrest caused by the physical and emotional distress of the attack.

29.     Trinity Carr was arrested, charged, tried as a juvenile in Family Court and adjudged delinquent of criminally negligent homicide and conspiracy 3rd degree for causing the death of Amy Joyner Francis.  The Delaware Supreme

Court subsequently reversed the Family Court's judgment of criminally negligent homicide.

30.     Zion Snow was arrested, charged, tried as a juvenile in Family Court and adjudged delinquent of conspiracy 3rd degree for her role in the death of Amy Joyner Francis.

31.     For its part, the School District has thus far avoided and failed to acknowledge any responsibility for its role in contributing to Amy's death.

### Obligations of the School District

32.     The New Castle County Vocational Technical School District, at all times, had a legal obligation to provide its students, including Amy Joyner Francis, with a reasonably safe and secure learning environment.

33.     The School District had a non-discretionary obligation or duty to supervise all of the students at Howard High School under its care, custody and control.

34.     In fact, Title 14 Del.C. §701 gives school teachers and administrators *in loco parentis* authority over students in order to meet their non-discretionary obligation to supervise students and control student behavior in the schools.

35.     Moreover, Title 14 Del.C. §4112 codifies the School District's non-discretionary duty to take action in bullying situations which provides, among

other things, procedures which must be followed for reporting and handling those types of situations among students.

36.     Students in the School District, including Amy Joyner Francis, and their parents, have a reasonable expectation that the School District will comply with its legal duties to provide a reasonably safe and secure learning environment.

37.     Students in the School District, including Amy Joyner Francis, and their parents have a reasonable expectation that the students' rights under the 14th Amendment to the U.S. Constitution providing a liberty interest in bodily integrity and protected by the Due Process clause will not be violated by the School District.

38.     After horrific school violence such as the Columbine tragedy in 1999 and many prior and subsequent incidents, school districts can no longer simply be reactive when it comes to school violence. The standard of care requires school districts to take a pro-active approach to attempt to prevent tragedies before they happen. The tragedy of Amy Joyner Francis could and should have been prevented.

39.     The standard of care applicable to the School District in 2016 required it to develop the capacity to identify and evaluate available or knowable information that might indicate a risk of a targeted school attack.

40.    The standard of care further required the School District to develop preventive measures in the form of protocols and procedures for responding to and managing threats and other behaviors of concern.

41.    The School District wholly and miserably failed to meet its most basic legal obligations to Amy and she suffered the ultimate consequence due to those failures.

## The Consequences

42.    But for the wrongful conduct of the defendants, Amy Joyner Francis would not have died on April 21, 2016.

43.    But for the wrongful conduct of the defendants, Amy Joyner Francis would not have endured extreme conscious physical and emotional pain and suffering from the brutal physical attack in the girls' bathroom.

44.    But for the wrongful conduct of the defendants, Amy's mother, Inita Joyner, would not have endured the devastating shock, grief and pain of losing her youngest child under such horrific and senseless circumstances.

45.    But for the wrongful conduct  of the defendants, Inita Joyner would not continue to suffer the permanent loss of her daughter's affection and comfort.

46.    But for the wrongful conduct of the defendants, Amy Joyner Francis would have left an estate at the end of her statistically expected lifetime calculated

based on her lost earning capacity less personal maintenance expenses at a present value in the range of $820,791 to $2,591,892.

47.     But for the wrongful conduct of the defendants, Inita Joyner would not have incurred medical expenses for Amy's treatment and the costs of the funeral and burial of her 16 year old child.

48.     But for the wrongful conduct of the defendants, Amy Joyner Francis would be looking forward to soon graduating with the rest of her classmates from Howard High School of Technology.

**COUNT I**

**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against The New Castle County Vocational Technical School District sounding in Negligence**

49.     The allegations in paragraphs 1-48 are realleged in full.

50.     The School District has a non-discretionary duty to provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

51.     The School District breached its duties owed to Amy Joyner Francis and was therefore negligent in one or more of the following ways which proximately caused Amy Joyner Francis to suffer the injuries and damages previously alleged. The School District:

        a.     Failed to provide a reasonably safe and secure learning environment;

b.     Failed to control the behavior of Trinity Carr and Zion Snow;

c.     Failed to assure a teacher or substitute teacher was present to supervise students in Amy's first period class;

d.     Failed to provide any security in the girls' bathrooms;

e.     Failed to provide any supervision of Trinity Carr or Zion Snow;

f.     Failed to take any action to prevent the attack once it knew or should have known the attack was likely to happen; and/or

g.     Failed to comply with 14 Del. C. § 4112 by failing to develop and/or implement and/or comply with an effective bullying prevention program.

### COUNT II
**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against The New Castle County Vocational Technical School District Sounding in Gross and Wanton Negligence**

52.    The allegations in paragraphs 1-51 are realleged in full.

53.    The School District has a duty to provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

54.    The School District breached its duties owed to Amy Joyner Francis and those breaches represented an extreme departure from the standard of care and/or were done in a reckless manner in wilful or wanton disregard for the safety of Amy Joyner Francis in one or more of the following ways which proximately caused

11

Amy Joyner Francis to suffer the injuries and damages previously alleged. The School District:

    a.    Failed to provide any security in the girls' bathroom knowing the history of criminal and dangerous behavior in the bathrooms;

    b.    Failed to take any meaningful or effective measures to protect Amy Joyner Francis from an imminent threat of harm of which it had actual or constructive knowledge evidencing deliberate indifference to her well-being;

    c.    Failed to utilize the school resource officer to prevent a threatened attack of which it had actual or constructive knowledge; and/or

    d.    Ignored the mandate of 14 Del. C. §4112 by failing to develop and/or implement and/or comply with an effective bullying prevention program.

### COUNT III
**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. §3722 against The New Castle County Vocational Technical School District for Deprivation of Constitutional Rights Pursuant to 42 U.S.C. §1983**

55.    The allegations in paragraphs 1-54 are realleged in full.

56.    Amy Joyner Francis had a constitutionally protected right to bodily integrity protected by the 14th Amendment to the United States Constitution and a deprivation of that right by a state actor such as The School District is actionable under 42 U.S.C. § 1983.

12

57.     The School District violated Amy's constitutional rights by affirmatively deciding not to monitor or supervise students in the girls' bathrooms thereby creating a "safe haven" for students to engage in criminal and/or dangerous activity and placing Amy at a greater risk of serious bodily harm with deliberate indifference to the known or obvious risk to her posed by Trinity Carr and Zion Snow.

58.     As a proximate result of the deprivation of those rights, Amy Joyner Francis suffered the  injuries and damages previously alleged.

**COUNT IV**
**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against Trinity Carr and Zion Snow Sounding in Gross Negligence**

59.     The allegations in paragraphs 1-58 are realleged in full.

60.     Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as reasonably careful and prudent schoolmates in any interactions with her.

61.     Carr and Snow acted with gross negligence in that their conduct in threatening and physically attacking Amy was a gross deviation from the standard of care and behavior imposed upon them by common law.

62.     As a proximate cause of the gross negligence of Carr and Snow, Amy suffered the injuries and damages previously alleged.

## COUNT V
### Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against Trinity Carr and Zion Snow Sounding in Wilful and Wanton Negligence and Recklessness

63.     The allegations of paragraphs 1-62 are realleged in full.

64.     Trinity Carr and Zion Snow owed a duty of care to Amy Joyner

Francis to act as reasonably careful and prudent schoolmates in any interactions

with her.

65.     Carr and Snow acted with wilful and wanton negligence and

recklessness by threatening and physically attacking Amy with deliberate

indifference to her physical and emotional well-being when they knew or should

have known of the actual and potential harm to Amy from their actions.

66.     As a proximate cause of the wilful and wanton negligence and

recklessness of Carr and Snow, Amy suffered the injuries and damages previously

alleged.

## COUNT VI
### Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against Trinity Carr and Zion Snow Sounding in Assault and Battery and Conspiracy

67.     The allegations in paragraphs 1-66 are realleged in full.

68.     Trinity Carr and Zion Snow conspired with each other to intentionally

intimidate, threaten and physically attack Amy Joyner Francis and both acted to

threaten (either verbally face to face and/or through social media posts) bodily

harm to Amy and then carried out those threats by punching and/or kicking Amy using their hands and/or feet.

69.     As a proximate result of that conspiracy, assault and battery, Amy Joyner Francis suffered the injuries and damages previously alleged.

### <u>COUNT VII</u>
**Inita Joyner's Wrongful Death Action Under 10 Del. C. § 3724 Against the New Castle County Vocational Technical School District Sounding in Negligence**

70.     The allegations in paragraphs 1-69 are realleged in full.

71.     The School District has a non-discretionary duty to  provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

72.     The School District breached its duties owed to Amy Joyner Francis and was therefore negligent in one or more of the following ways which proximately caused Amy Joyner Francis and Inita Joyner to suffer the injuries and damages previously alleged.  The School District:

a.     Failed to provide a reasonably safe and secure learning environment;

b.     Failed to control the behavior of Trinity Carr and Zion Snow;

c.     Failed to assure a teacher or substitute teacher was present to supervise students in Amy's first period class;

d.     Failed to provide any security in the girls' bathrooms;

15

e.     Failed to provide any supervision of Trinity Carr or Zion Snow;

f.     Failed to take any action to prevent the attack once it knew or should have known the attack was likely to happen; and/or

g.     Failed to comply with 14 Del. C. § 4112 by failing to develop and/or implement and/or comply with an effective bullying prevention program.

## COUNT VIII
### Inita Joyner's Wrongful Death Action Under 10 Del. C. § 3724 Against the New Castle County Vocational Technical School District Sounding in Gross and Wanton Negligence

73.     The allegations in paragraphs 1-72 are realleged in full.

74.     The School District has a duty to provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

75.     The School District breached its duties owed to Amy Joyner Francis and those breaches represented an extreme departure from the standard of care and/or were done in a reckless manner in wilful or wanton disregard for the safety of Amy Joyner Francis in one or more of the following ways which proximately caused Amy Joyner Francis and Inita Joyner to suffer the injuries and damages previously alleged.  The School District:

a.     Failed to provide any security in the girls' bathroom knowing the history of criminal and dangerous behavior in the bathrooms;

16

b.     Failed to take any meaningful or effective measures to protect Amy

Joyner Francis from an imminent threat of harm of which it had actual or

constructive knowledge evidencing deliberate indifference to her well-being;

c.     Failed to utilize the school resource officer to prevent a threatened

attack of which it had actual or constructive knowledge; and/or

d.     Ignored the mandate of 14 Del. C. §4112 by failing to develop and/or

implement and/or comply with an effective bullying prevention program.

### COUNT IX
**Inita Joyner's Wrongful Death Action Under 10 Del. C. § 3724 Against the
New Castle County Vocational Technical School District for Deprivation of
Constitutional Rights Pursuant to 42 U.S.C. § 1983**

76.     The allegations in paragraphs 1-75 are realleged in full.

77.     Amy Joyner Francis had a constitutionally protected right to bodily

integrity protected by the 14th Amendment to the United States Constitution and a

deprivation of that right by a state actor such as The School District is actionable

under 42 U.S.C. § 1983.

78.     The School District violated Amy's constitutional rights by

affirmatively deciding not to monitor or supervise students in the girls' bathrooms

thereby creating a "safe haven" for students to engage in criminal and/or dangerous

activity and placing Amy at a greater risk of serious bodily harm with deliberate

indifference to the known or obvious risk to her posed by Trinity Carr and Zion Snow.

79.    As a proximate result of the deprivation of those rights, Amy Joyner Francis and Inita Joyner suffered the injuries and damages previously alleged.

## COUNT X
### Inita Joyner's Wrongful Death Action under 10 Del. C. § 3724 Against Trinity Carr and Zion Snow Sounding in Gross Negligence

80.    The allegations in paragraphs 1-79 are realleged in full.

81.    Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as reasonably careful and prudent schoolmates in any interactions with her.

82.    Carr and Snow acted with gross negligence in that their conduct in threatening and physically attacking Amy was a gross deviation from the standard of care and behavior imposed upon them by common law.

83.    As a proximate cause of the gross negligence of Carr and Snow, Amy and Inita Joyner suffered the injuries and damages previously alleged.

## COUNT XI
### Inita Joyner's Wrongful Death Action under 10 Del. C. § 3724 Against Trinity Carr and Zion Snow Sounding in Wilful and Wanton Negligence and Recklessness

84.    The allegations in paragraphs 1-83 are realleged in full.

85.     Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as reasonably careful and prudent schoolmates in any interactions with her.

86.     Carr and Snow acted with wilful and wanton negligence and recklessness by threatening and physically attacking Amy with deliberate indifference to her physical and emotional well-being when they knew or should have known of the actual and potential harm to Amy from their actions.

87.     As a proximate cause of the wilful and wanton negligence and recklessness of Carr and Snow, Amy and Inita Joyner suffered the injuries and damages previously alleged.

## COUNT XII
### Inita Joyner's Wrongful Death Action under 10 Del. C. § 3724 Against Trinity Carr and Zion Snow Sounding in Assault and Battery and Conspiracy

88.     The allegations in paragraphs 1-87 are realleged in full.

89.     Trinity Carr and Zion Snow conspired with each other to intentionally intimidate, threaten and physically attack Amy Joyner Francis and both acted to threaten (either verbally face to face and/or through social media posts) bodily harm to Amy and then carried out those threats by punching and/or kicking Amy using their hands and/or feet.

90.     As a proximate result of that conspiracy, assault and battery, Amy Joyner Francis and Inita Joyner suffered the injuries and damages previously alleged.

**WHEREFORE**, the plaintiffs demand judgment be entered in their favor and against all defendants individually, jointly, and severally awarding the following relief:

a.      compensatory and special damages to the Estate of Amy Joyner Francis to the full extent allowable under 10 Del. C. § 3722 against all defendants;

b.      punitive damages to The Estate of Amy Joyner Francis against all defendants;

c.      compensatory and special damages to Inita Joyner for her emotional and pecuniary damages to the full extent allowable under 10 Del. C. § 3724 against all defendants;

d.      plaintiffs' attorneys' fees against The School District pursuant to 42 U.S.C. § 1988;

e.      post judgment interest and pre-judgment interest pursuant to 6 Del. C. § 2301(d) against all defendants; and

f.      all costs of suit against all defendants.

MURPHY & LANDON

*/s/ Roger D. Landon*

ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE  19805
(302) 472-8112
Attorney for Plaintiffs

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Apr 02 2018 07:51AM EDT
Transaction ID 81861143
Case No. N18C-04-001 ALR

| | |
|---|---|
| COUNTY: New Castle xxx   Kent __Sussex_____ | Civil Action Number: |
| Civil Case Code: __CPIN__ | Civil Case Type: Personal Injury |

**Caption:**

Anthony Joyner, Administrator of the Estate of Amy Joyner Francis and Inita Joyner, mother of Amy Joyner Francis,
Plaintiffs,
v.
The New Castle County Vocational Technical School District, Trinity Carr and Zion Snow,
Defendants.

**Name and Status of Party filing document:**

Plaintiffs

Document Type: (e.g., Complaint; Answer with Counterclaim)

Complaint

(Certificate of Value may be required)

Jury Demand   Yes _x_   No ____

Track Assignment Requested (check one):

**Expedited ___   Standard _X_   Complex**

---

Attorney Name(s):

Roger D. Landon, Esq.

Attorney ID(s):

2460

Firm Name:

Murphy & Landon

Address:

1011 Centre Road, Suite 210

Wilmington, DE 19805

Telephone Number:

(302) 472-8100

Fax Number:

(302) 225-3673

E-Mail Address:

rlandon@msllaw.com

Identify any related cases now pending in the Superior Court by Caption and Civil Action Number including Judge's initials

_____

_____

Explain the relationship(s):

_____

_____

_____

_____

Other unusual issues that affect Case Management:

_____

_____

(If additional space is needed, please attach page.)

---

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

216176

EFiled:  Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ANTHONY JOYNER, Administrator \| | |
| Of The Estate of Amy Joyner Francis \| | |
| And INITA JOYNER, mother of | |
| Amy Joyner Francis, | |
| | |
| Plaintiffs, | |
| | |
| v. | C.A. No. N18C-04- |
| | |
| THE NEW CASTLE COUNTY | TRIAL BY JURY DEMANDED |
| VOCATIONAL TECHNICAL | |
| SCHOOL DISTRICT, TRINITY | |
| CARR AND ZION SNOW, | |
| | |
| Defendants. | |

## PRAECIPE FOR SUMMONS

**TO: PROTHONOTARY**

**PLEASE ISSUE A WRIT** COMMANDING the Sheriff of New Castle

County, Delaware to summon and direct the below-named defendant to answer the

Complaint, by serving defendant with the Summons, Complaint, Plaintiffs' Answers

to Form 30 Interrogatories, and Rule 3(h) Statement at the address below so that

defendant might answer the Summons and Complaint within 20 days after service

thereof.

**Directions to the Sheriff of New Castle County:**

Please serve the summons and copies of the Summons, Complaint, Plaintiffs'

Answers to Form 30 Interrogatories, and Rule 3(h) Statement on Defendant New

Castle County Vocational Technical School District by delivering copies thereof by

227732

serving Barry Willoughby, Esq., Young, Conaway, Stargatt & Taylor, 1000 N. King Street, Wilmington, DE  19801 who has agreed to accept service on behalf of the District.

MURPHY & LANDON

/s/ Roger D. Landon
ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorney for Plaintiffs

227732

EFiled:  Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |

            Plaintiffs, |

v. |        C.A. No. N18C-04-

THE NEW CASTLE COUNTY |        TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |

        Defendants. |

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

    To summon defendant New Castle County Vocational School District by serving Summons and Complaint, Form 30 Interrogatories and Plaintiffs' Rule 3(h) Statement upon defendant so that, within 20 days after service hereof upon defendant exclusive of the day of service, defendant shall serve upon Roger D. Landon, Esquire, plaintiffs' attorney, whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the Complaint.

    To serve upon defendant a copy of the Summons, Complaint, Plaintiff's Answers to Form 30 Interrogatories and Rule 3H Statement filed by plaintiffs.

Dated:                        _____

                                     Prothonotary

                        _____

                                    Per Deputy

227730

*TO THE ABOVE-NAMED DEFENDANT:*

*In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.*

_____
Prothonotary

_____
Per Deputy

227730



EFiled: Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |

         Plaintiffs, |

v.                  |     C.A. No. N18C-04-

THE NEW CASTLE COUNTY  |     TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |

         Defendants. |

## PRAECIPE FOR SUMMONS

**TO: PROTHONOTARY**

    **PLEASE ISSUE A WRIT** COMMANDING the Sheriff of New Castle County, Delaware to summon and direct the below-named defendant to answer the Complaint, by serving defendant with the Summons, Complaint, Plaintiffs' Answers to Form 30 Interrogatories, and Rule 3(h) Statement at the address below so that defendant might answer the Summons and Complaint within 20 days after service thereof.

**Directions to the Sheriff of New Castle County:**

    Please serve the summons and copies of the Summons, Complaint, Plaintiffs' Answers to Form 30 Interrogatories, and Rule 3(h) Statement on Defendant Trinity

227732

Carr by delivering copies thereof to her personally at 27 Berkely Way, New Castle, DE 19720.

MURPHY & LANDON

*/s/ Roger D. Landon*
ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorney for Plaintiffs

227732

EFiled: Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |

                Plaintiffs, |

v.                     |      C.A. No. N18C-04-

THE NEW CASTLE COUNTY   |      TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL     |
SCHOOL DISTRICT, TRINITY    |
CARR AND ZION SNOW,      |

             Defendants. |

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

    To summon defendant Trinity Carr by serving Summons and Complaint, Form 30 Interrogatories and Plaintiffs' Rule 3(h) Statement upon defendant so that, within 20 days after service hereof upon defendant exclusive of the day of service, defendant shall serve upon Roger D. Landon, Esquire, plaintiffs' attorney, whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the Complaint.

    To serve upon defendant a copy of the Summons, Complaint, Plaintiff's Answers to Form 30 Interrogatories and Rule 3H Statement filed by plaintiffs.

Dated:                          _____

                                    Prothonotary

                         _____

                                    Per Deputy

227730

*TO THE ABOVE-NAMED DEFENDANT:*

*In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.*

_____
Prothonotary

_____
Per Deputy

227730



EFiled: Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |
　 |
　　　　Plaintiffs, |
　 |
v. |     C.A. No. N18C-04-
　 |
THE NEW CASTLE COUNTY |     TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |
　 |
　　　　Defendants. |

## PRAECIPE FOR SUMMONS

**TO: PROTHONOTARY**

    **PLEASE ISSUE A WRIT** COMMANDING the Sheriff of New Castle County, Delaware to summon and direct the below-named defendant to answer the Complaint, by serving defendant with the Summons, Complaint, Plaintiffs' Answers to Form 30 Interrogatories, and Rule 3(h) Statement at the address below so that defendant might answer the Summons and Complaint within 20 days after service thereof.

**Directions to the Sheriff of New Castle County:**

    Please serve the summons and copies of the Summons, Complaint, Plaintiffs' Answers to Form 30 Interrogatories, and Rule 3(h) Statement on Defendant Zion

227732

Snow by delivering copies thereof to her personally at 2028 Melson Road, Wilmington, DE 19808

MURPHY & LANDON

*/s/ Roger D. Landon*
ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorney for Plaintiffs

227732

EFiled:  Apr 02 2018 07:51AM DT
Transaction ID 61861143
Case No. N18C-04-001 ALR

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator
Of The Estate of Amy Joyner Francis
And INITA JOYNER, mother of
Amy Joyner Francis,

        Plaintiffs,

v.

THE NEW CASTLE COUNTY
VOCATIONAL TECHNICAL
SCHOOL DISTRICT, TRINITY
CARR AND ZION SNOW,

        Defendants.

C.A. No. N18C-04-

TRIAL BY JURY DEMANDED

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

    To summon defendant Zion Snow by serving Summons and Complaint, Form
30 Interrogatories and Plaintiffs' Rule 3(h) Statement upon defendant so that, within
20 days after service hereof upon defendant exclusive of the day of service,
defendant shall serve upon Roger D. Landon, Esquire, plaintiffs' attorney, whose
address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805,
an answer to the Complaint.

    To serve upon defendant a copy of the Summons, Complaint, Plaintiff's
Answers to Form 30 Interrogatories and Rule 3H Statement filed by plaintiffs.

Dated: _____

                _____
                        Prothonotary

                _____
                        Per Deputy

227730

*TO THE ABOVE-NAMED DEFENDANT:*

*In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.*

_____
Prothonotary


_____
Per Deputy

227730

EFiled:  Apr 02 2018 07:51AM EDT
Transaction ID 61861143
Case No. N18C-04-001 ALR

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |

              Plaintiffs, |

v. |        C.A. No. N18C-04-

THE NEW CASTLE COUNTY |        TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |

           Defendants. |

### PLAINTIFFS' RULE 3(h) STATEMENT

I.      Answers to Superior Court Civil Rule Form 30 Interrogatories are attached hereto.

II.     All such documents currently in plaintiffs' possession will be provided upon request.

III.    Plaintiffs are not at this time pursuing such claims.

              MURPHY & LANDON

              */s/ Roger D. Landon*
              ROGER D. LANDON, No. 2460
              1011 Centre Road, #210
              Wilmington, DE  19805
              302-472-8100
              Attorney for Plaintiffs

190695

**EFiled:  Apr 02 2018 07:51AM EDT**
**Transaction ID 61861143**
**Case No. N18C-04-001 ALR**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |

              Plaintiffs, |

v.                       |     C.A. No. N18C-04-

THE NEW CASTLE COUNTY   |     TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |

            Defendants. |

## PLAINTIFFS' RESPONSES TO FORM 30 INTERROGATORIES

1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of this litigation.

        **ANSWER: The parties**
                      **Students at Howard High School**
                      **\* Reserve right to supplement**

2.    Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to this litigation.

**ANSWER: The parties**
**Treating Physicians**
**Newark Police Department**
**Representatives of both party's carriers**
**Employees of Defendant New Castle County**
**\* Reserve right to supplement**

3.    Give the names of all persons who have been interviewed in connection with the above-captioned litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of the persons having the originals and copies of the interviews.

**ANSWER:       See City of Wilmington criminal report #06-16-031335 dated April 21, 2016. Reserve right to supplement**

4.    Identify all photographs, diagrams and other representations made in connection with the matter in litigation, giving the names and present or last known residential and employment addresses and telephone numbers of the persons having the originals and copies thereof. (In lieu thereof, copies may be attached.)

**ANSWER:       See City of Wilmington criminal report #06-16-031335 dated April 21, 2016. Reserve right to supplement**

5.     Give the names, professional addresses and telephone numbers of all expert witnesses presently retained by the Plaintiff along with the dates of all written opinions prepared by said experts.   If no experts are currently retained, describe the type of experts whom the Plaintiff anticipates retaining in connection with this litigation.

> **ANSWER:**        **Experts have yet to be retained.**
> **Reserve right to supplement**

6.     Give a brief description of any insurance policy, including excess coverage, which is or may be applicable to this litigation, including:

(a)  The names and addresses of all companies insuring the risk;

(b)  The policy numbers;

(c)  The types of insurance; and

(d)  The amounts of primary, secondary and excess coverage.

**ANSWER:**

**(a)**
**Plaintiff      N/A**


**Defendant  Wright Specialty**
**333 Earle Ovington Building Ste 505**
**Uniondale, NY 11553-3624**

**(b)**

**Plaintiff      N/A**

**Defendant   CND DE 2016 13442 16767**

**(c)**

    **Plaintiff**        **N/A**

    **Defendant**      **Liability**

**(d)**

    **Plaintiff**        **N/A**

    **Defendant**      **Unknown**

7.    Give the names, professional addresses and telephone numbers of all physicians, chiropractors, psychologists and physical therapists who have examined or treated the Plaintiff at any time during the 10 year period immediately prior to the date of the incident which is the subject of this litigation.

**<u>ANSWER</u>:**

**Christiana Care**
**4755 Ogeltown-Stanton Road**
**Newark, DE 19718**

**Alfred I DuPont Hospital for Children**
**AI DuPont Pediatrics**
**1600 Rockland Road**
**Wilmington, DE 19803**

**Pediatric & Adolescent Medical Center**
**5352 Cedar Avenue Suite C**
**Philadelphia, PA 19143**

MURPHY & LANDON

*/s/ Roger D. Landon*
ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE  19805
(302) 472-8112
Attorney for Plaintiffs

EFiled: Apr 09 2018 11:05AM DT
Transaction ID 61892102
EFiled: Apr 02 2018 09:51AM
Transaction ID 61861143
Case No. N18C-04-001 ALR

4/7/18

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY JOYNER, Administrator |
Of The Estate of Amy Joyner Francis |
And INITA JOYNER, mother of |
Amy Joyner Francis, |

        Plaintiffs, |

v.                  |     C.A. No. N18C-04-

THE NEW CASTLE COUNTY    |     TRIAL BY JURY DEMANDED
VOCATIONAL TECHNICAL |
SCHOOL DISTRICT, TRINITY |
CARR AND ZION SNOW, |

        Defendants. |

### PRAECIPE FOR SUMMONS

**TO: PROTHONOTARY**

    **PLEASE ISSUE A WRIT** COMMANDING the Sheriff of New Castle

County, Delaware to summon and direct the below-named defendant to answer the

Complaint, by serving defendant with the Summons, Complaint, Plaintiffs' Answers

to Form 30 Interrogatories, and Rule 3(h) Statement at the address below so that

defendant might answer the Summons and Complaint within 20 days after service

thereof.

**Directions to the Sheriff of New Castle County:**

    Please serve the summons and copies of the Summons, Complaint, Plaintiffs'

Answers to Form 30 Interrogatories, and Rule 3(h) Statement on Defendant New

Castle County Vocational Technical School District by delivering copies thereof by

227732                (3) writs issued
                    NCC #: 37227   $90.00

serving Barry Willoughby, Esq., Young, Conaway, Stargatt & Taylor, 1000 N. King Street, Wilmington, DE  19801 who has agreed to accept service on behalf of the District.

MURPHY & LANDON

*/s/ Roger D. Landon*
ROGER D. LANDON, No. 2460
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorney for Plaintiffs

227732