**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY JOYNER, Administrator of the Estate of Amy Joyner Francis And INITA JOYNER, mother of Amy Joyner Francis, | ) ) ) | |
| | ) | C.A. No.: 1-18-cv-00554-UNA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| THE NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT, TRINITY CARR AND ZION SNOW, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER OF DEFENDANT THE NEW CASTLE COUNTY
VOCATIONAL TECHNICAL SCHOOL DISTRICT TO COMPLAINT
WITH SEPARATE DEFENSES AND CROSS-CLAIM**

**Introduction**

1.     This civil action for money damages is brought by the Estate of Amy Joyner Francis and her mother Inita Joyner seeking some measure of justice for the brutal, senseless, foreseeable and preventable attack on Amy Joyner Francis by Trinity Carr and Zion Snow in the bathroom at Howard High School of Technology on the morning of April 21, 2016 which resulted in Amy's death at the tender age of 16 years.

**ANSWER:**     This paragraph of the Complaint includes Plaintiffs' description of the

nature of their legal claims, which requires no response from this Defendant.  Regarding the

factual averments in this paragraph, this Defendant admits that 16-year old Amy Joyner Francis

was attacked by Trinity Carr and Zion Snow in the bathroom at Howard High School of

Technology on the morning of April 21, 2016 and that following the attack, Amy died.  This

Defendant is without knowledge or information sufficient to form a belief as to the balance of the

averments in this paragraph, and to avoid implied admission, they are denied.

## **The Parties**

2.      Anthony Joyner is the brother of Amy Joyner Francis and has been appointed as the administrator of her estate. He is a Delaware resident and can be contacted through counsel.

**ANSWER:**      Admitted upon information and belief that Anthony Joyner is the brother of Amy Francis Joyner and has been appointed as the administrator of her estate.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph, and to avoid implied admission, the same are denied.

3.      Inita Joyner is Amy's mother. She is a Delaware resident and can be contacted through counsel.

**ANSWER:**      Admitted that Inita Joyner is Amy's mother.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in this paragraph, and to avoid implied admission, the same are denied.

4.      The New Castle County Vocational Technical School District (hereinafter, "the School District") is a political subdivision of the State of Delaware doing business at 1417 Newport Road, Wilmington, DE 19804.

**ANSWER:**      Admitted

5.      Trinity Carr is an adult individual residing at 27 Berkely Way, New Castle, DE 19720.

**ANSWER:**      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

6.      Zion Snow is an adult individual residing at 2028 Melson Road, Wilmington, DE 19808.

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

## The Facts

7.      During the 2015/2016 school year, Amy Joyner Francis, Trinity Carr and Zion Snow were all sophomores attending Howard High School of Technology in Wilmington, DE. Howard High School was and is a vocational technical school operated and managed by agents and employees of the New Castle County Vocational Technical School District.

**ANSWER:**   Admitted.

8.      Amy was enrolled in the dental hygiene program, doing very well academically and aspired to obtain a college degree and eventually pursue a career in a professional field.

**ANSWER:**   Admitted that Amy was enrolled in the dental hygiene program.  Amy's academic records speak for themselves.  This Defendant is without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph, and to avoid implied admission, they are denied.

9.      The events that ultimately led to Amy's death on April 21 began to unfold less than 24 hours earlier on April 20, 2016.

**ANSWER:**   Admitted upon information and belief.

10.     On April 20, 2016, allegedly motivated by a perceived slight by Amy on social media, Trinity Carr and Zion Snow hatched a plot to seek retribution against Amy through the use of verbal and physical threats and intimidation and, ultimately, brutal physical force and violence.

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

11.    On April 20, 2016 Trinity Carr and Zion Snow confronted and threatened Amy in a girls' bathroom at Howard High School.

**ANSWER:**    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

12.    Although Howard High School had security surveillance cameras in the hallways to provide a measure of safety and security for students and others, there were no cameras in the student bathrooms as state law prohibits such.

**ANSWER:**    Admitted.

13.    Although the administration of Howard High School would post teachers, aides or administrative personnel in the hallways between class periods to monitor the students and provide a measure of safety and security for students and others, no monitors were placed in the student bathrooms.

**ANSWER:**    Admitted.

14.    Because there were no security cameras nor adult monitors in the student bathrooms, the students at Howard High School were completely unsupervised any time they entered a student bathroom.

**ANSWER:**    Denied that the students were completely unsupervised any time they entered a student bathroom.  The balance of the averments in this paragraph are admitted.

15.    Of course, the students at Howard High School knew they were not subject to supervision or scrutiny while in the bathrooms, so any student who was inclined to engage in

various prohibited behaviors (including criminal behavior) at school, trying not to get caught, knew the safest place to do so was in a student bathroom. And, in fact, Howard High School had a history of criminal behavior by students in its bathrooms.

**ANSWER:**   Denied that Howard High School had a history of criminal behavior by students in its bathrooms. This Defendant is without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph, and to avoid implied admission, they are denied.

16.   Trinity Carr and Zion Snow were two such students who decided to use this "safe haven," created by the decisions of the State of Delaware and the School District, to threaten and intimidate Amy on April 20, 2016.

**ANSWER:**   Denied that a "safe haven" was created by the decisions of this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph, and to avoid implied admission, they are denied.

17.   Precisely what was said by Carr and Snow is not known by Amy's mother nor brother, but the encounter was of such a character that an employee of the school, Mr. Booth, heard the encounter from the hallway outside the bathroom, saw Carr and Snow exit the bathroom and, shortly thereafter, saw Amy exit as well. Mr. Booth believed Amy was upset.

**ANSWER:**   Admitted that on April 20, 2016, Mr. Booth, an employee of the school, heard an encounter from the hallway outside the bathroom, saw Carr and Snow exit the bathroom and, shortly thereafter, saw Amy exit. Denied that Mr. Booth believed Amy was upset. This Defendant is without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph, and to avoid implied admission, they are denied.

18.   Mr. Booth reported the incident to his supervisor at the school believing that some sort of trouble was brewing involving the three girls.

**ANSWER:**   Admitted that Mr. Booth reported the incident to his supervisors at the school.   Denied that Mr. Booth believed that some sort of trouble was brewing involving the three girls.

19.   Thereafter, the threats by Carr and Snow against Amy continued on social media. Snow posted a video statement, "We gonna get her ... she's scared." She also posted pictures of her sneakers which is teen parlance for preparing for a fight.

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

20.   The next morning, April 21, 2016, Amy's mother dropped her off at school. That would be the last time her mother would see Amy alive.

**ANSWER:**   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

21.   Amy's attackers, Carr and Snow, arrived at school that morning with their hair tied up and wearing sneakers but no jewelry - a look that signaled to anyone familiar with adolescent culture that they were ready for a fight. In contrast, Amy had her hair down and was wearing sandals. Amy had always been a peacemaker, not a fighter.

**ANSWER:**   Denied that having one's hair tied up and wearing sneakers but no jewelry is a signal that one is ready for a fight.   This Defendant is without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph, and to avoid implied admission, they are denied.

22.   Amy proceeded to her first period class after the first bell but neither her teacher Ms. Gosney nor a substitute teacher was present. Because the class was unsupervised, Amy

returned to the hallway along with other classmates. Carr and Snow stalked Amy in the hallway, a scene which was witnessed by female school employee, Ursula McCoy. However, McCoy failed to see what should have been apparent - Carr and Snow groomed and dressed to fight.

**ANSWER:**     Denied that Ursula McCoy, a female school employee, witnessed Carr and

Snow "stalk[ing]" Amy in the hallway.  Denied that Carr and Snow's attire should have signaled

Ms. McCoy that Carr and Snow were groomed and dressed to fight.  This Defendant is without

knowledge or information sufficient to form a belief as to the balance of the averments in this

paragraph, and to avoid implied admission, they are denied.

23.     Amy then entered the girls' bathroom at 8:06:54 a.m. after the second bill had rung. She was followed into the bathroom by Carr, Snow and other students, but not McCoy.

**ANSWER:**     Admitted upon information and belief.

24.     While in the bathroom, completely unsupervised by the Howard High School administration, Trinity Carr brutally attacked Amy Joyner Francis using her closed fist to repeatedly strike Amy in her head and body as other girls recorded the attack on their phones.

**ANSWER:**     Admitted that no Howard High School administrator or employee was in

the bathroom at the time of the attack.  This Defendant objects to the undefined term "completely

unsupervised."  Denied that the students were "completely unsupervised" while in the bathroom.

Admitted that the attack was recorded by students on their phones.  As to the balance of the

averments in this paragraph, the recordings of the attack speak for themselves as to what

transpired.

25.     Zion Snow joined in the attack by kicking Amy after she had been beaten to the floor by Carr. Amy struggled to attempt to shield herself from the blows but never fought back.

**ANSWER:**     The recordings of the attack speak for themselves as to what transpired.

The characterization of Amy's behavior and of the attack are denied.

26.     Before and during the attack, a Wilmington police officer assigned to Howard High School for security purposes was present in the school building but did nothing to protect Amy from her attackers.

**ANSWER:**     Denied that a Wilmington police officer assigned to Howard High School was present in the school building before and during the attack.  To the extent this paragraph implies wrongdoing on the part of this Defendant, denied.

27.     After the attack, Carr and Snow left the bathroom and headed down the hallway laughing and smiling, proud of what they had done, and thinking they had gotten away with the attack.

**ANSWER:**     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

28.     Meanwhile, Amy, her body battered and stressed, remained on the floor of the bathroom conscious and in pain struggling to breathe. Shortly thereafter, she died of sudden cardiac arrest caused by the physical and emotional distress of the attack.

**ANSWER:**     Upon information and belief, Amy was conscious on the bathroom floor for a short period of time and struggled to breathe.  Upon information and belief she died of sudden cardiac arrest.  This Defendant is without knowledge or information sufficient to form a belief as to the balance of the averments in this paragraph, and to avoid implied admission, they are denied.

29.     Trinity Carr was arrested, charged, tried as a juvenile in Family Court and adjudged delinquent of criminally negligent homicide and conspiracy 3rd degree for causing the

death of Amy Joyner Francis. The Delaware Supreme Court subsequently reversed the Family Court's judgment of criminally negligent homicide.

**ANSWER:**     Admitted upon information and belief.

30.     Zion Snow was arrested, charged, tried as a juvenile in Family Court and adjudged delinquent of conspiracy 3rd degree for her role in the death of Amy Joyner Francis.

**ANSWER:**     Admitted upon information and belief.

31.     For its part, the School District has thus far avoided and failed to acknowledge any responsibility for its role in contributing to Amy's death.

**ANSWER:**     To the extent this paragraph implies wrongdoing on the part of this Defendant, denied.

## Obligations of the School District

32.     The New Castle County Vocational Technical School District, at all times, had a legal obligation to provide its students, including Amy Joyner Francis, with a reasonably safe and secure learning environment.

**ANSWER:**     This paragraph contains legal conclusions to which no response is required.

33.     The School District had a non-discretionary obligation or duty to supervise all of the students at Howard High School under its care, custody and control.

**ANSWER:**     This paragraph contains legal conclusions to which no response is required.

34.     In fact, Title 14 Del.C. §701 gives school teachers and administrators *in loco parentis* authority over students in order to meet their non-discretionary obligation to supervise students and control student behavior in the schools.

**ANSWER:** This paragraph contains legal conclusions to which no response is required.

35.     Moreover, Title 14  Del. C. §4112 codifies the School District's non- discretionary duty to take action in bullying situations which provides, among other things, procedures which must be followed for reporting and handling those types of situations among students.

**ANSWER:** This paragraph contains legal conclusions to which no response is required.

36.     Students in the School District, including Amy Joyner Francis, and their parents, have a reasonable expectation that the School District will comply with its legal duties to provide a reasonably safe and secure learning environment.

**ANSWER:** This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

37.     Students in the School District, including Amy Joyner Francis, and their parents have a reasonable expectation that the students' rights under the 14th Amendment to the U.S. Constitution providing a liberty interest in bodily integrity and protected by the Due Process clause will not be violated by the School District.

**ANSWER:** This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and to avoid implied admission, the same are denied.

38.     After horrific school violence such as the Columbine tragedy in 1999 and many prior and subsequent incidents, school districts can no longer simply be reactive when it comes to school violence. The standard of care requires school districts to take a pro-active approach to attempt to prevent tragedies before they happen. The tragedy of Amy Joyner Francis

could and should have been prevented.

**ANSWER:**   To the extent this paragraph contains legal conclusions, no response is required.  To the extent this paragraph implies wrongdoing on the part of this Defendant or that any acts or omissions on the part of this Defendant tied to the death of Amy Joyner Francis, it is denied.

39.   The standard of care applicable to the School District in 2016 required it to develop the capacity to identify and evaluate available or knowable information that might indicate a risk of a targeted school attack.

**ANSWER:**   This paragraph contains legal conclusions to which no response is required.

40.   The standard of care further required the School District to develop preventive measures in the form of protocols and procedures for responding to and managing threats and other behaviors of concern.

**ANSWER**:   This paragraph contains legal conclusions to which no response is required.

41.   The School District wholly and miserably failed to meet its most basic legal obligations to Amy and she suffered the ultimate consequence due to those failures.

**ANSWER:**   Denied.

## The Consequences

42.   But for the wrongful conduct of the defendants, Amy Joyner Francis would not have died on April 21, 2016.

**ANSWER:**   Denied as to this Defendant.

01:23125385.1

11

43.     But for the wrongful conduct of the defendants, Amy Joyner Francis would not have endured extreme conscious physical and emotional pain and suffering from the brutal physical attack in the girls' bathroom.

**ANSWER:**     Denied as to this Defendant.

44.     But for the wrongful conduct of the defendants, Amy's mother, Inita Joyner, would not have endured the devastating shock, grief and pain of losing her youngest child under such horrific and senseless circumstances.

**ANSWER:**     Denied as to this Defendant.

45.     But for the wrongful conduct of the defendants, Inita Joyner would not continue to suffer the permanent loss of her daughter's affection and comfort.

**ANSWER:**     Denied as to this Defendant.

46.     But for the wrongful conduct of the defendants, Amy Joyner Francis would have left an estate at the end of her statistically expected lifetime calculated based on her lost earning capacity less personal maintenance expenses at a present value in the range of $820,791 to $2,591,892.

**ANSWER:**     Denied as to this Defendant.

47.     But for the wrongful conduct of the defendants, Inita Joyner would not have incurred medical expenses for Amy's treatment and the costs of the funeral and burial of her 16 year old child.

**ANSWER:**     Denied as to this Defendant.

48.     But for the wrongful conduct of the defendants, Amy Joyner Francis would be looking forward to soon graduating with the rest of her classmates from Howard High School of Technology.

**ANSWER:**     Denied as to this Defendant.

**COUNT I**

**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis,**
**Survival Action under 10 Del. C. § 3722 against The New Castle County**
**Vocational Technical School District sounding in Negligence**

49.     The allegations in paragraphs 1-48 are realleged in full.

**ANSWER:**     This Defendant adopts and incorporates by reference its answers to

paragraphs 1 through 48 as if each such answer was separately set forth here at length.

50.     The School District has a non-discretionary duty to provide its students with a
reasonably safe and secure learning environment and to supervise students and control student
behavior at all times and places in the school during the school day.

**ANSWER:**     This paragraph contains legal conclusions to which no response is

required.

51.     The School District breached its duties owed to Amy Joyner Francis and was
therefore negligent in one or more of the following ways which proximately caused Amy Joyner
Francis to suffer the injuries and damages previously alleged. The School District:

   a.     Failed to provide a reasonably safe and secure learning environment;
   b.     Failed to control the behavior of Trinity Carr and Zion Snow;
   c.     Failed to assure a teacher or substitute teacher was present to supervise students in
Amy's first period class;
   d.     Failed to provide any security in the girls' bathrooms;
   e.     Failed to provide any supervision of Trinity Carr or Zion Snow;
   f.     Failed to take any action to prevent the attack once it knew or should have known
the attack was likely to happen; and/or
   g.     Failed to comply with 14 Del. C. § 4112 by failing to develop and/or implement
and/or comply with an effective bullying prevention program

**ANSWER:**     Denied.

## COUNT II
**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against The New Castle County Vocational Technical School District Sounding in Gross and Wanton Negligence**

52.     The allegations in paragraphs 1-51 are realleged in full.

**ANSWER:**   This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 51 as if each such answer was separately set forth here at length.

53.     The School District has a duty to provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

**ANSWER:**   This paragraph contains legal conclusions to which no response is required.

54.   The School District breached its duties owed to Amy Joyner Francis and those breaches represented an extreme departure from the standard of care and/or were done in a reckless manner in wilful or wanton disregard for the safety of Amy Joyner Francis in one or more of the following ways which proximately caused Amy Joyner Francis to suffer the injuries and damages previously alleged. The School District:

a.      Failed to provide any security in the girls' bathroom knowing the history of criminal and dangerous behavior in the bathrooms;
b.      Failed to take any meaningful or effective measures to protect Amy Joyner Francis from an imminent threat of harm of which it had actual or constructive knowledge evidencing deliberate indifference to her well-being;
c.      Failed to utilize the school resource officer to prevent a threatened attack of which it had actual or constructive knowledge; and/or
d.      Ignored the mandate of 14 Del. C. §4112 by failing to develop and/or implement and/or comply with an effective bullying prevention program.

**ANSWER:**   Denied.

## COUNT III

**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis,
Survival Action under 10 Del. C. §3722 against The New Castle County
Vocational Technical School District for Deprivation of Constitutional Rights
Pursuant to 42 U.S.C. §1983**

55.     The allegations in paragraphs 1-54 are realleged in full.

**ANSWER:**   This Defendant adopts and incorporates by reference its answers to

paragraphs 1 through 54 as if each such answer was separately set forth here at length.

56.     Amy Joyner Francis had a constitutionally protected right to bodily integrity
protected by the 14th Amendment to the United States Constitution and a deprivation of that right
by a state actor such as The School District is actionable under 42 U.S.C. § 1983.

**ANSWER:**   This paragraph contains legal conclusions to which no response is

required.

57.     The School District violated Amy's constitutional rights by affirmatively deciding
not to monitor or supervise students in the girls' bathrooms thereby creating a "safe haven" for
students to engage in criminal and/or dangerous activity and placing Amy at a greater risk of
serious bodily harm with deliberate indifference to the known or obvious risk to her posed by
Trinity Carr and Zion Snow.

**ANSWER:**   Denied.

58.     As a proximate result of the deprivation of those rights, Amy Joyner Francis
suffered the injuries and damages previously alleged.

**ANSWER:**   Denied.

## COUNT IV

### Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis, Survival Action under 10 Del. C. § 3722 against Trinity Carr and Zion Snow Sounding in Gross Negligence

59.    The allegations in paragraphs 1-58 are realleged in full.

**ANSWER:** This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 58 as if each such answer was separately set forth here at length.

60.    Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as reasonably careful and prudent schoolmates in any interactions with her.

**ANSWER:**    This paragraph is directed to defendants other than this Defendant.  No response is required from this Defendant.

61.    Carr and Snow acted with gross negligence in that their conduct in threatening and physically attacking Amy was a gross deviation from the standard of care and behavior imposed upon them by common law.

**ANSWER:**    This paragraph is directed to defendants other than this Defendant.  No response is required from this Defendant.

62.    As a proximate cause of the gross negligence of Carr and Snow, Amy suffered the injuries and damages previously alleged.

**ANSWER:**    This paragraph is directed to defendants other than this Defendant.  No response is required from this Defendant.

## COUNT V

**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis,
Survival Action under 10 Del. C. § 3722 against Trinity Carr and Zion Snow
Sounding in Wilful and Wanton Negligence and Recklessness**

63.     The allegations of paragraphs 1-62 are realleged in full.

**ANSWER:**     This Defendant adopts and incorporates by reference its answers to

paragraphs 1 through 62 as if each such answer was separately set forth here at length.

64.     Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as
reasonably careful and prudent schoolmates in any interactions with her.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.  No

response is required from this Defendant.

65.     Carr and Snow acted with wilful and wanton negligence and recklessness by
threatening and physically attacking Amy with deliberate indifference to her physical and
emotional well-being when they knew or should have known of the actual and potential harm to
Amy from their actions.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.  No

response is required from this Defendant.

66.     As a proximate cause of the wilful and wanton negligence and recklessness of
Carr and Snow, Amy suffered the injuries and damages previously alleged.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.

No response is required from this Defendant.

## COUNT VI

**Anthony Joyner's, Administrator of the Estate of Amy Joyner Francis,
Survival Action under 10 Del. C. § 3722 against Trinity Carr and Zion Snow
Sounding in Assault and Battery and Conspiracy**

67.     The allegations in paragraphs 1-66 are realleged in full.

**ANSWER:**     This Defendant adopts and incorporates by reference its answers to

paragraphs 1 through 66 as if each such answer was separately set forth here at length.

68.     Trinity Carr and Zion Snow conspired with each other to intentionally
intimidate, threaten and physically attack Amy Joyner Francis and both acted to threaten (either
verbally face to face and/or through social media posts) bodily harm to Amy and then carried
out those threats by punching and/or kicking Amy using their hands and/or feet.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.  No

response is required from this Defendant.

69.     As a proximate result of that conspiracy, assault and battery, Amy Joyner Francis
suffered the injuries and damages previously alleged.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.  No

response is required from this Defendant.

## COUNT VII

**Inita Joyner's Wrongful Death Action Under 10 Del. C. § 3724 Against the
New Castle County Vocational Technical School District Sounding in
Negligence**

70.     The allegations in paragraphs 1-69 are realleged in full.

**ANSWER:**     This Defendant adopts and incorporates by reference its answers to

paragraphs 1 through 69 as if each such answer was separately set forth here at length.

71.    The School District has a non-discretionary duty to provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

**ANSWER:**    This paragraph contains legal conclusions to which no response is required.

72.    The School District breached its duties owed to Amy Joyner Francis and was therefore negligent in one or more of the following ways which proximately caused Amy Joyner Francis and Inita Joyner to suffer the injuries and damages previously alleged. The School District:

a.    Failed to provide a reasonably safe and secure learning environment;
b.    Failed to control the behavior of Trinity Carr and Zion Snow;
c.    Failed to assure a teacher or substitute teacher was present to supervise students in Amy's first period class;
d.    Failed to provide any security in the girls' bathrooms;
e.    Failed to provide any supervision of Trinity Carr or Zion Snow;
f.    Failed to take any action to prevent the attack once it knew or should have known the attack was likely to happen; and/or
g.    Failed to comply with 14 Del. C. § 4112 by failing to develop and/or implement and/or comply with an effective bullying prevention program.

**ANSWER:**    Denied.

### COUNT VIII
### Inita Joyner's Wrongful Death Action Under 10 Del. C. § 3724 Against the New Castle County Vocational Technical School District Sounding in Gross and Wanton Negligence

73.    The allegations in paragraphs 1-72 are realleged in full.

**ANSWER:**    This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 72 as if each such answer was separately set forth here at length.

74.     The School District has a duty to provide its students with a reasonably safe and secure learning environment and to supervise students and control student behavior at all times and places in the school during the school day.

**ANSWER:**     This paragraph contains legal conclusions to which no response is required.

75.     The School District breached its duties owed to Amy Joyner Francis and those breaches represented an extreme departure from the standard of care and/or were done in a reckless manner in wilful or wanton disregard for the safety of Amy Joyner Francis in one or more of the following ways which proximately caused Amy Joyner Francis and Inita Joyner to suffer the injuries and damages previously alleged. The School District:

a.      Failed to provide any security in the girls' bathroom knowing the history of criminal and dangerous behavior in the bathrooms;
b.      Failed to take any meaningful or effective measures to protect Amy Joyner Francis from an imminent threat of harm of which it had actual or constructive knowledge evidencing deliberate indifference to her well-being;
c.      Failed to utilize the school resource officer to prevent a threatened attack of which it had actual or constructive knowledge; and/or
d.      Ignored the mandate of 14 Del. C. §4112 by failing to develop and/or implement and/or comply with an effective bullying prevention program.

**ANSWER:**     Denied.

## COUNT IX
**Inita Joyner's Wrongful Death Action Under 10 Del. C. § 3724 Against the New Castle County Vocational Technical School District for Deprivation of Constitutional Rights Pursuant to 42 U.S.C. § 1983**

76.     The allegations in paragraphs 1-75 are realleged in full.

**ANSWER:**     This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 75 as if each such answer was separately set forth here at length.

77.     Amy Joyner Francis had a constitutionally protected right to bodily integrity protected by the 14th Amendment to the United States Constitution and a deprivation of that right

by a state actor such as The School District is actionable under 42 U.S.C. § 1983.

**ANSWER:**   This paragraph contains legal conclusions to which no response is required.

78.   The School District violated Amy's constitutional rights by affirmatively deciding not to monitor or supervise students in the girls' bathrooms thereby creating a "safe haven" for students to engage in criminal and/or dangerous activity and placing Amy at a greater risk of serious bodily harm with deliberate indifference to the known or obvious risk to her posed by Trinity Carr and Zion Snow.

**ANSWER:**   Denied.

79.   As a proximate result of the deprivation of those rights, Amy Joyner Francis and Inita Joyner suffered the injuries and damages previously alleged.

**ANSWER:**   Denied.

## COUNT X
### Inita Joyner's Wrongful Death Action under 10 Del. C. § 3724 Against Trinity Carr and Zion Snow Sounding in Gross Negligence

80.   The allegations in paragraphs 1-79 are realleged in full.

**ANSWER:**   This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 79 as if each such answer was separately set forth here at length.

81.   Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as reasonably careful and prudent schoolmates in any interactions with her.

**ANSWER:**   This paragraph is directed to defendants other than this Defendant.  No response is required from this Defendant.

82.     Carr and Snow acted with gross negligence in that their conduct in threatening and physically attacking Amy was a gross deviation from the standard of care and behavior imposed upon them by common law.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

83.     As a proximate cause of the gross negligence of Carr and Snow, Amy and Inita Joyner suffered the injuries and damages previously alleged.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

<u>**COUNT XI**</u>
**Inita Joyner's Wrongful Death Action under 10 Del. C. § 3724 Against Trinity Carr and Zion Snow Sounding in Wilful and Wanton Negligence and Recklessness**

84.     The allegations in paragraphs 1-83 are realleged in full.

**ANSWER:**     This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 83 as if each such answer was separately set forth here at length.

85.     Trinity Carr and Zion Snow owed a duty of care to Amy Joyner Francis to act as reasonably careful and prudent schoolmates in any interactions with her.

**ANSWER:**     This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

86.     Carr and Snow acted with wilful and wanton negligence and recklessness by threatening and physically attacking Amy with deliberate indifference to her physical and emotional well-being when they knew or should have known of the actual and potential harm to Amy from their actions.

**ANSWER:**   This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

87.   As a proximate cause of the wilful and wanton negligence and recklessness of Carr and Snow, Amy and Inita Joyner suffered the injuries and damages previously alleged.

**ANSWER:**   This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

## COUNT XII
### Inita Joyner's Wrongful Death Action under 10 Del. C. § 3724 Against Trinity Carr and Zion Snow Sounding in Assault and Battery and Conspiracy

88.   The allegations in paragraphs 1-87 are realleged in full.

**ANSWER:**   This Defendant adopts and incorporates by reference its answers to paragraphs 1 through 87 as if each such answer was separately set forth here at length.

89.   Trinity Carr and Zion Snow conspired with each other to intentionally intimidate, threaten and physically attack Amy Joyner Francis and both acted to threaten (either verbally face to face and/or through social media posts) bodily harm to Amy and then carried out those threats by punching and/or kicking Amy using their hands and/or feet.

**ANSWER:**   This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

90.   As a proximate result of that conspiracy, assault and battery, Amy Joyner Francis and Inita Joyner suffered the injuries and damages previously alleged.

**ANSWER:**   This paragraph is directed to defendants other than this Defendant.   No response is required from this Defendant.

## SEPARATE DEFENSES

### First Separate Defense

91.     Plaintiffs' fail to state a claim against this Defendant upon which relief may be granted.

### Second Separate Defense

92.     Amy's death was caused in whole or in part by acts or omissions of persons or entities other than this Defendant.

### Third Separate Defense

93.     Amy's death was caused by intervening and/or superseding events.

### Fourth Separate Defense

94.     Any negligence or other wrongful conduct allegedly attributable to this Defendant was not the proximate cause of Amy's death.

### Fifth Separate Defense

95.     Plaintiffs fail to state a claim against this Defendant for punitive damages.

### Sixth Separate Defense

96.     Plaintiffs' claims against this Defendant are barred by the doctrine of sovereign immunity.

### Seventh Separate Defense

97.     Joint and several liability does not apply to this Defendant vis-à-vis defendants Carr and Snow.

### Eighth Separate Defense

98.     The alleged economic damages asserted in Plaintiff Anthony Joyner's survival

claim under 10 Del. C. § 3722 are speculative at best and cannot be proven with any reasonable certainty.

### Ninth Separate Defense

99.    The alleged obligations Plaintiffs seek to enforce are either illegal or violate public policy, and are therefore void and unenforceable.  To the extent the granting of relief sought by Plaintiffs would violate law or public policy, that relief should be denied.

### Tenth Separate Defense

100.    At all relevant times, the knowledge of other persons and entities, and the ability of such other persons and entities to take action to prevent Amy's death, may have been superior to that of this Defendants, and therefore, if there was any duty to intercede to protect Amy, the duty may have been on those other persons and entities and not this Defendant.

### Eleventh Separate Defense

101.    Plaintiffs' claims against this Defendant are barred by the Delaware Tort Claims Act, 10 DEL.C. §4001, *et seq*.

### Twelfth Separate Defense

102.    Plaintiffs' claims fail in whole or part because at all times this Defendant acted reasonably, in good faith, and in compliance with applicable law.

### Thirteenth Separate Defense

103.    Plaintiffs' claims against this Defendant, made pursuant to 42 U.S.C. §1983, are barred because this Defendant did not have a custom, practice, or policy of acting with intentional, willful, deliberate, knowing, purposeful, or reckless indifference to Plaintiffs' United States Constitutional rights, nor did they cause a violation of Plaintiffs' United States Constitutional rights.

**Fifteenth Separate Defense**

104.    This Defendant is not liable for intentional acts of Defendants Carr and Snow, nor for their tortious misconduct directed to Ms. Joyner.

**Sixteenth Separate Defense**

105.    Plaintiffs' Complaint may be denied in whole or in part in accordance with the doctrine of after-acquired evidence.

**Seventeenth Separate Defense**

106.    This Defendant specifically reserves all other affirmative defenses and the right to plead additional defenses that are not yet known and which may become known and identified in the course of discovery in this matter.  This Defendant reserves the right to supplement these defenses with other additional defenses.

**CROSS CLAIM**

107.    This Defendant denies that it is liable to Plaintiffs in any respect.  This Defendant also denies that joint and several liability is applicable.  However, in the event the Court determines that joint and several liability does apply and this Defendant is held liable to Plaintiffs, then it cross claims against each and every co-defendant, on the grounds that the conduct of one or several co-defendants, was the primary cause of Amy's death and that this Defendant, if liable at all, is only secondarily liable.  This Defendant, therefore, is entitled to indemnification from each and every co-defendant.

108.    In the event that this Defendant is held primarily liable to Plaintiffs, then the alleged wrongful acts of the co-defendants are contributing causes of Amy's death and this Defendant is entitled to contribution in any amount which it may be required to pat Plaintiffs as a

result of the co-defendants' wrongful acts, based on the relative degrees of fault determined

pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10

Del. C. § 6208.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jennifer M. Kinkus*

Barry M. Willoughby (Supr. Ct. ID #1016)
Neilli Mullen Walsh (Supr. Ct. ID #2707)
Jennifer M. Kinkus (Supr. Ct. ID #4289)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6666/(302) 571-6603/(302) 571-6722
bwilloughby@ycst.com/nwalsh@ycst.com/
jkinkus@ycst.com
*Attorneys for Defendant The New Castle County*
*Vocational Technical School District*

Dated:  May 7, 2018