UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

ANTHONY JOYNER, Administrator     |
Of The Estate of Amy Joyner Francis     |
And INITA JOYNER, mother of     |
Amy Joyner Francis,     |
     |
       Plaintiffs,     |
     |
v.     |      C.A. No. 1:18-cv-00554 GMS
     |
THE NEW CASTLE COUNTY     |
VOCATIONAL TECHNICAL     |
SCHOOL DISTRICT, TRINITY     |
CARR AND ZION SNOW,     |
     |
       Defendants.     |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's May 7, 2018 Oral Order Scheduling a Rule 16.2b Scheduling Teleconference, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report.  Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f) on May 29, 2018.  Murphy & Landon through Roger D. Landon, Esq. participated on behalf of the plaintiffs, Anthony Joyner, Administrator of the Estate of Amy Joyner Francis and Inita Joyner, mother of Amy Joyner Francis and Young Conaway Stargatt & Taylor through Neilli Mullen Walsh, Esq. and Jennifer M. Kinkus, Esq. participated on behalf of defendant The New Castle County Vocational Technical School District (the "District").  Neither defendant Trinity Carr nor defendant Zion Snow participated in the scheduling teleconference.

1.    **Jurisdiction and Service:**  The Court has subject matter jurisdiction because the plaintiffs asserted a claim for deprivation of constitutional rights under 42 USC §1983.  All parties are subject to the Court's jurisdiction, however defendant Zion Snow has not yet been served with the Complaint.  Trinity Carr has been served with the Complaint, and Kenneth M.

1

Doss of Casarino Christman Shalk Ransom & Doss, P.A. entered his appearance on behalf of Ms. Carr on June 4, 2018.  There is a separate wrongful death Complaint filed in the New Castle County, Delaware Superior Court by Amy Joyner Francis' father, Jacob A. Francis, III, of which the District recently became aware.    The defendants in that case are the same defendants in this case.

2.    **Substance of the Action:**  This is a civil action for money damages brought by the Estate of Amy Joyner Francis and her mother, Inita Joyner, stemming from an attack that occurred on Amy Joyner Francis in the bathroom at Howard High School of Technology on April 21, 2016.  Trinity Carr and Zion Snow attacked Amy Joyner Francis.  She died as a result of the attack.  The plaintiffs are alleging claims against the defendants for negligence, gross negligence and recklessness.  The plaintiffs are also alleging a claim against the School District for deprivation of Amy Joyner Francis' constitutional right to bodily integrity under the Fourteenth Amendment to the United States Constitution which is actionable under 42 USC § 1983.  The defendant School District denies plaintiffs' claims and has asserted 17 separate defenses in its Answer to the Complaint.  The School District has also asserted crossclaims against defendants Carr and Snow.

3.    **Identification of Issues:**  The School District admits that Amy Joyner Francis died following an attack by Carr and Snow on April 21, 2016.  As to all of the allegations concerning liability, the School District has denied those allegations and denies that it is legally responsible for any of the claims being made by the plaintiffs.

4.    **Narrowing of Issues:**  The District anticipates that it may file motions for summary judgment based on the Delaware Tort Claims Act, 10 Del. C. § 4001, *et seq.,* the inapplicability of the Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6301, *et seq.*

2

because of the different degrees of fault of the defendants.   As the case progresses, the District may determine that additional issues are appropriate for decision on motion.

5.     **Relief:**   The plaintiffs are seeking compensatory and special damages to the Estate of Amy Joyner Francis to the full extent allowable under 10 Del.C. § 3722.  Those claims include a claim for the value that Amy Joyner Francis' Estate would have had at the end of her statistically expected lifetime calculated based on her lost earnings capacity less personal maintenance expenses at a present value in the range of $820,791 to $2,591,892.  Plaintiffs also claim medical expenses and the costs of the funeral and burial for Amy.  Plaintiffs also claim punitive damages for the Estate of Amy Joyner Francis against all defendants, compensatory and special damages to Inita Joyner for her emotional and pecuniary damages to the fullest extend allowable under 10 Del.C. § 3724, attorneys' fees against the District pursuant to 43 USC § 1988, post-judgment interest and pre-judgment interest pursuant to 6 Del.C. § 2301(d) against all defendants, and costs of suit against all defendants.

6.     **Amendment of Pleadings:**   The parties at this time do not anticipate any amendments to the pleadings.

7.     **Joinder of Parties:**   As previously indicated, a separate lawsuit has been filed by Amy Joyner Francis' father, Jacob A. Francis, III against the District, Carr and Snow in the New Castle County Superior Court.

8.     **Discovery:**   The parties have agreed to limit depositions to 15 depositions per side.  The parties have also agreed to limit the number of Interrogatories to 25 per side and the number of Requests for Admissions to 25 per side.

| **Event** | **Deadline** |
|---|---|
| Rule 26(a) Initial Disclosures | 6/29/2018 |
| Fact Discovery | 3/29/2019 |
| Plaintiffs' Expert Disclosures | 4/30/2019 |
| Defendants' Expert Disclosures | 6/28/2019 |
| Plaintiffs' Rebuttal Expert Disclosures | 7/31/2019 |
| Expert Deposition Deadline | 8/14/2019 |
| Motions for Summary Judgment | 9/18/2019 |
| Responses to Motions for Summary Judgment | 10/16/2019 |
| Pre-Trial Order | _____ |
| Pre-Trial Conference | _____ |
| Trial | _____ |

9. **Estimated Trial Length:** The parties estimate the trial will require six (6) days to complete.

10. **Jury Trial:** The plaintiffs have demanded a jury trial.

11. **Settlement:** There was a pre-suit mediation with David White, Esq. serving as mediator. The parties are continuing to utilize Mr. White to explore possibilities for settlement.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action:** None at this time.

13.    **A statement that counsel for the parties have conferred about each of the above matters:**  Counsel for the plaintiffs and the District have conferred about each of the matters in this status report.


MURPHY & LANDON

*/s/ Roger D. Landon*
_____
ROGER D. LANDON, No. 2460
1011 Centre Road, Suite 210
Wilmington, DE  19805
Attorney for Plaintiffs

YOUNG CONAWAY STARGATT
& TAYLOR

*/s/ Jennifer M. Kinkus*
_____
Neilli Mullen Walsh, No. 2707
Jennifer M. Kinkus, No. 4289
1000 N. King Street
Wilmington, DE  19801
Attorney for Defendant
The New Castle County Vocational
Technical School District


No continuance of the conference will be granted except by Order of the court upon application by counsel made seven (7) days before the date of the conference supported by a declaration stating reasons for the request.

_____
**J.**

5