UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY JOYNER, Administrator of the Estate of Amy Joyner Francis and INITA JOYNER, mother of Amy Joyner Francis, | ) ) C.A. No.: 1-18-cv-00554-GMS ) ) |
| Plaintiffs, | ) ) ) TRIAL BY JURY DEMANDED |
| v. | ) ) |
| The New Castle County Vocational Technical School District, Trinity Carr, and Zion Snow, | ) ) ) ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT, TRINITY CARR, WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

1. It is admitted that on the morning of April 21, 2016, the answering defendant, Zion Snow and others were involved in an altercation with Amy Joyner Francis in the bathroom of Howard High School of Technology. To the extent that this paragraph of the complaint makes legal conclusions, the answering defendant is unable to either admit or deny those averments set forth in this paragraph of the complaint. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

2. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

3. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

4. Admitted.

5. Admitted.

6. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

7. The first sentence of this paragraph of the complaint is admitted. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

8. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

9. Denied.

10. Denied.

11. It is admitted that on April 20, 2016, Trinity Carr, Zion Snow and Amy Joyner Francis met in a girls' bathroom at Howard High School. The balance of the averments set forth in this paragraph of the complaint are denied.

12. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

13. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

14. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

15. The first sentence of this paragraph of the complaint is denied. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second sentence of this paragraph of the complaint.

16. Denied.

17. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

18. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

19. Denied as to the answering defendant. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

20. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

21. It is admitted that on April 21, 2016, the answering defendant had her hair up and was wearing sneakers. The answering defendant does not recall what co-defendant Snow was wearing on April 21, 2016. The balance of the averments set forth in the first sentence of this paragraph of the complaint are denied. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second and third paragraphs of this paragraph of the complaint.

22. It is denied that the answering defendant "stalked" Amy Joyner Francis in the hallway, and it is also denied that the answering defendant was groomed and dressed to fight. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

23. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph of the complaint. The averments set forth in the second sentence of this paragraph of the complaint are denied as to the answering

defendant. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

24. The answering defendant is without knowledge or information sufficient to form a belief as to any supervision by the Howard High School Administration in the bathroom. The balance of the averments set forth in this paragraph of the complaint are denied as stated.

25. It is denied that the answering defendant beat Amy Joyner Francis to the floor, and it is also denied that Amy Joyner Francis did not fight. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

26. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

27. Denied.

28. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

29. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

30. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

31. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

32. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

33. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

34. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

35. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

36. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

37. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

38. To the extent that this paragraph calls for legal conclusions, the answering defendant is unable to either admit or deny those averments. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph of the complaint.

39. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

40. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

41. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

42. Denied as to the answering defendant.

43. Denied as to the answering defendant.

44. Denied as to the answering defendant.

45. Denied as to the answering defendant.

46. Denied as to the answering defendant.

47. Denied as to the answering defendant.

48. Denied as to the answering defendant.

## COUNT I

49. The answering defendant incorporates her answers to paragraphs 1 through 48 of the complaint herein by reference.

50. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

51. (a) – (g) This paragraph is not directed to the answering defendant.

## COUNT II

52. The answering defendant incorporates her answers to paragraphs 1 through 51 of the complaint herein by reference.

53. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

54. (a) – (d) This paragraph is not directed to the answering defendant.

## COUNT III

55. The answering defendant incorporates her answers to paragraphs 1 through 54 of the complaint herein by reference.

56. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

57. This paragraph is not directed to the answering defendant.

58. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

## COUNT IV

59. The answering defendant incorporates her answers to paragraphs 1 through 58 of the complaint herein by reference.

60. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

61. Denied.

62. Denied.

## COUNT V

63. The answering defendant incorporates her answers to paragraphs 1 through 62 of the complaint herein by reference.

64. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

65. Denied.

66. Denied.

## COUNT VI

67. The answering defendant incorporates her answers to paragraphs 1 through 66 of the complaint herein by reference.

68. Denied.

69. Denied.

## COUNT VII

70. The answering defendant incorporates her answers to paragraphs 1 through 69 of the complaint herein by reference.

71. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

72. (a) – (g)  This paragraph is not directed to the answering defendant.

## COUNT VIII

73. The answering defendant incorporates her answers to paragraphs 1 through 72 of the complaint herein by reference.

74. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

75. (a) – (d)  This paragraphs is not directed to the answering defendant.

## COUNT IX

76. The answering defendant incorporates her answers to paragraphs 1 through 75 of the complaint herein by reference.

77. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

78. To the extent that any wrongful conduct on the part of the answering defendant is alleged or implied, it is denied.  The balance of the averments set forth in this paragraph of the complaint are not directed to the answering defendant.

79. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of the complaint.

## COUNT X

80. The answering defendant incorporates her answers to paragraphs 1 through 79 of the complaint herein by reference.

81. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

82. Denied.

83. Denied.

## COUNT XI

84. The answering defendant incorporates her answers to paragraphs 1 through 83 of the complaint herein by reference.

85. The answering defendant is unable to either admit or deny the averments set forth in this paragraph of the complaint as they call for a legal conclusion.

86. Denied.

87. Denied.

## COUNT XII

88. The answering defendant incorporates her answers to paragraphs 1 through 87 of the complaint herein by reference.

89. Denied.

90. Denied.

## AFFIRMATIVE DEFENSES

91. Plaintiff's claims against the answering defendant fail to state a claim upon which relief may be granted.

92. Any claims by plaintiff were proximately caused in whole or in part by acts or omissions of persons or entities other than the answering defendant.

93. Any damages claimed by plaintiff were proximately caused by an intervening and superseding cause.

94. Any conduct allegedly attributed to the answering defendant was not the proximate cause of damages claimed by the plaintiff.

95. Plaintiff fails to state a claim against the answering defendant for punitive damages.

96. Plaintiff's complaint may be denied in whole or in part in accordance with the Doctrine of After-acquired Evidence.

97. Pre-judgment interest is not recoverable.

98. The injuries alleged pre-existed the incident alleged in plaintiff's complaint or are otherwise not related to the alleged incident.

99. Special damages are not set forth with specificity and defendant, pursuant to Rule 9(g), hereby demands an itemization of special damages.

100. Defendant asserts and alleges that the due process clause of the Fourteenth Amendment of the United States Constitution affords her protection from excessive fines or penalties, excessive punitive damages and requires that the answering defendant be afforded fair notice before imposition of a fine or penalty and to the extent that the complaint of the plaintiff violates the protection afforded by the due process clause, the plaintiff's complaint should be dismissed with prejudice.

101. The answering defendant specifically reserves all other affirmative defenses and the right to plead additional defenses that are not yet known which may become known and identified in the course of discovery in this matter. The answering defendant reserves the right to supplement these defenses with other additional defenses.

102. Plaintiff assumed the risk.

103. The answering defendant denies any liability whatsoever. If found liable, however, the answering defendant contends that the incident and any resulting injuries were proximately caused by the negligence and/or contributorily reckless conduct of the plaintiff, Amy Joyner Francis, in that she:

(a) failed to exercise reasonable care for her own safety;

(b) failed to act as a reasonably prudent person under the circumstances then existing;

(c) assumed the risk of being injured;

(d) chose to instigate a confrontation;

(e) was otherwise negligent.

To the extent that such negligence and/or contributory recklessness of the plaintiff is greater than the negligence of the defendant, recovery is barred. Otherwise, any award in favor of the plaintiff must be reduced by her pro rata share of negligence.

## **CROSSCLAIMS**

104. The answering defendant denies that she is to be liable to the plaintiff, however, in the alternative, should judgment be entered in favor of the plaintiff and against the answering defendant, the answering defendant demands judgment over against co-defendants, New Castle County Vocational Technical School District and Zion Snow, for contribution and further demands that the relative degrees of fault be ascertained and utilized in fixing the amount of that judgment, all in accordance with Delaware's Uniform Contribution Amongst Tortfeasor's Law, 10 Del.C. §§ 6301-6308.

105. The answering defendant denies that she is to be liable to the plaintiff, however, in the alternative, should judgment be entered in favor of the plaintiff and against the answering

defendant, the answering defendant demands judgment over against co-defendants, New Castle County Vocational Technical School District and Zion Snow, for the amount of any judgment that might be entered in favor of the plaintiff and against the answering defendant, plus all of the answering defendant's expenses in conducting the defense of this lawsuit, including, but not limited to, expert witness fees, interest and costs.

WHEREFORE, the answering defendant, Trinity Carr, hereby demands that the complaint be dismissed with prejudice with costs assessed against the plaintiff, or in the alternative, a judgment be entered against the co-defendants, New Castle County Vocational Technical School District and Zion Snow, for contribution with an apportionment of fault or indemnification, plus expert witness fees, interest and costs.

*/s/Kenneth M. Doss*
KENNETH M. DOSS, ESQ.
I.D. No. 2862
Casarino Christman Shalk Ransom & Doss, P.A.
1007 N. Orange Street, Suite 1100
The Nemours Building
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Fax: (302) 594-4509
kdoss@casarino.com
Attorney for Defendant Trinity Carr

DATE: June 22, 2018